UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CR-056-G |
| OWEN DONOVAN POWELL, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of Owen Donovan Powell ("Powell" or "the defendant") to proceed with an appeal of his sentence *in forma pauperis*. For the reasons set forth below, the defendant's motion is denied.

I. BACKGROUND

On December 17, 2007, Powell was convicted of illegal re-entry after removal from the United States pursuant to 8 U.S.C. § 1326(a) &(b)(2). This crime carries a base offense level of eight. United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(a). Another sixteen points were added to this base level under U.S.S.G. § 2L1.2(b)(1)(A). This section provides that if a defendant is deported after conviction of a drug trafficking offense for which he receives a sentence greater than

thirteen months, the base offense level shall be increased by sixteen points. *Id.* The section applies to Powell, as a result of his conviction in 1990 for unlawful possession with intent to deliver a controlled substance. Pre-Sentence Report ¶ 18. The conviction resulted in a sentence of thirty years. *Id.* This increase of sixteen points put his offense level at twenty four. After a downward adjustment of three points for his acceptance of responsibility, Powell's total offense level was twenty-one. *Id.* ¶¶ 22-23. According to the Sentencing Guidelines, this offense level -- when combined with his criminal history -- subjected him to a sentencing range of seventy to eighty-seven months of imprisonment. This court sentenced the defendant to a term of seventy months.

On June 5, 2008, the defendant filed a motion to proceed *in forma pauperis* so that he might challenge this sentence on appeal. The motion was referred to U.S. Magistrate Judge Jeff Kaplan for determination pursuant to 28 U.S.C. § 636(b). Judge Kaplan granted the defendant leave to proceed *in forma pauperis*, provided this court finds his appeal is not frivolous. The court now considers whether Powell's appeal would be frivolous.

II. ANALYSIS

A. Standard for Frivolous Appeals

A court shall dismiss an *in forma pauperis* action or appeal that is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). An appeal or action is frivolous "only if the

petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Neitzke v. Williams*, 490 U.S. 319, 322-23 (1989) (quoting *Williams v. Faulkner*, 837 F.2d 304, 307 (7th Cir. 1988)). There must be no legal or factual allegations that are "arguable on their merits." *Id.* at 325 (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). "In a close case, the court should permit the claim to proceed at least to the point where responsive pleadings are required." *Faulkner*, 837 F.2d at 307.

### B. The Defendant's First Point of Appeal: The Prior Conviction was not a Drug Trafficking Offense

Powell argues that he intends to raise two points on appeal. The first issue is that the court improperly added sixteen points to his base offense level of eight. Defendant Owen Donovan Powell's Supplemental Declaration for Motion to Proceed *in Forma Pauperis*, filed June 11, 2008, ¶ 1. The court made this increase pursuant to USSG § 2L1.2(b)(1)(A)(i), which provides an enhancement for a prior felony conviction involving "a drug trafficking offense for which the sentence imposed exceeded 13 months." The defendant admits he was previously convicted of an offense involving drugs, but argues it was not a drug *trafficking* offense, and that an increase under § 2L1.2(b)(1)(A)(i) is therefore improper.

The conviction at issue occurred on May 3, 1990. On that date, Powell was convicted of unlawful possession with intent to deliver a controlled substance. Pre-Sentence Report ¶ 18. He was sentenced to thirty years imprisonment. *Id.* The

defendant argues that possession with intent to deliver is not drug trafficking. He asserts that the definition of "delivery" is broader than the definition of drug trafficking, and that he was therefore not necessarily convicted of drug trafficking. Specifically, he notes that the definition of delivery includes "offering to sell a controlled substance, counterfeit substance, or drug paraphernalia." Texas Health and Safety Code § 481.002(8). An offer to sell, he argues, is not drug trafficking.

Powell's support for this argument comes from *United States v. Gonzales*, 484 F.3d 712 (5th Cir. 2007). In *Gonzales*, the Fifth Circuit held that a defendant who had been previously convicted of unlawful delivery of a controlled substance should not receive an enhancement under § 2L1.2. *Id.* at 715-16. The court reasoned that the definition of delivery of a controlled substance under Texas Health and Safety Code § 481.112 includes offering to sell a controlled substance. *Id.* at 714-15. An offer to sell, the court held, is not part of § 2L1.2's definition of a drug trafficking offense. *Id.* Thus, the defendant should not have received the sixteen-point enhancement under U.S.S.G. § 2L1.2.

The only difference between Gonzales's situation and Powell's is that Powell's previous conviction was for unlawful *possession* with intent to deliver a controlled substance. The defendant in *Gonzales*, on the other hand, had been previously convicted of unlawful delivery of a controlled substance. At first glance, this difference seems negligible. One would think, after all, that in order to deliver a

product, one must have possession of that product. As stated above, however, the definition of delivery includes an offer to sell. Texas Health and Safety Code § 481.002(8). The Fifth Circuit has noted that "one may 'offer to sell' drugs without possessing those drugs." *United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007). Conviction for delivery, therefore, does not necessarily entail possession. *Id.* Possession is a necessary element of a drug trafficking offense. U.S.S.G. § 2L1.2 cmt n. 1(B)(iv). The definition of a drug trafficking offense is "an offense under federal, state, or local law that prohibits . . . the *possession* of a controlled substance with intent to manufacture, import, export, distribute, or dispense." *Id.* (emphasis added). Thus, a conviction for delivery, which might be a conviction for merely offering to sell, does not necessarily involve possession and thus cannot be a drug trafficking offense. *Ford*, 509 F.3d at 717.

The defendant in *Gonzales* was able to benefit from this distinction. But Powell, whose previous conviction was for *possession* with intent to deliver, cannot. The only reason a previous conviction of unlawful delivery of a controlled substance cannot serve as the basis for an enhancement under § 2L1.2 is that the crime does not require possession. See *id.* at 717 (reasoning that an offer to sell is not a drug trafficking offense because it does not require possession). When the previous conviction is for possession with intent to deliver, enhancement under § 2L1.2 is proper. See *id.* (enhancing the defendant's sentence under a provision nearly

identical to § 2L1.2 because the previous conviction was for possession with intent to deliver a controlled substance ).

*Ford* held that it was only the absence of possession that prevented enhancement in *Gonzales*. *Id.* at 717. Possession was present, however, in *Ford*. There, the defendant was charged with the same crime as Powell: possession with intent to deliver. *Ford* enhanced the defendant's sentence for this crime and there is no reason why enhancement is not proper in Powell's case, as well. The only distinction between *Ford* and the case at hand is that the defendant in *Ford* faced enhancement under § 2K2.1 for previous conviction of a "controlled substance offense" rather than under § 2L1.2 for previous conviction of a "drug trafficking offense." *Id.* at 714-15. The court in *Ford*, however, stated that these two sections are "almost identical." *Id.* at 717 n.2. In fact, the opinion specifically referenced § 2L1.2 and stated that the court had this section in mind when it noted the similarity between controlled substance offenses and drug trafficking offenses. *Id.* It even held that for the purpose of applying an enhancement under either § 2L1.2 or § 2K2.1, any "minor textual differences" between the definition of a "drug trafficking offense" and a "controlled substance offense" were not controlling.[*] *Id.* at 717 n.2.

---

[*] The differences between a controlled substance offense and drug trafficking offense are indeed minor. The definition of a controlled substance offense is "an offense under federal or state law punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of
(continued...)

In short, the Fifth Circuit, in *Ford*, has already held that Powell's conviction for possession with intent to deliver is a drug trafficking offense. It is a settled question of law and Powell "can not make any rational argument in law or fact which would entitle him . . . to relief." *Neitzke*, 490 U.S. at 322-23. The defendant's appeal on this issue would be frivolous.

C. <u>The Defendant's Second Point of Appeal</u>:
<u>The Prior Conviction was not Proven Beyond a Reasonable Doubt</u>

The other issue Powell wishes to raise on appeal is that his prior conviction cannot enhance his sentence under § 2L1.2 because this conviction was not proven beyond a reasonable doubt. Supplemental Declaration In Support of Motion to Proceed *in Forma Pauperis*, filed June 5, 2008, at 1. This argument is without merit. Presumably, Powell is referring to the rule that any fact resulting in a sentencing enhancement must be supported by facts found beyond a reasonable doubt. *United States v. Booker*, 543 U.S. 220, 244 (2005). If the enhancement is based on a prior *conviction*, however, that conviction does not have to be proven beyond a reasonable doubt. *Id.* (stating that "[a]ny fact (*other than a prior conviction*) which is necessary to

---

[*](...continued)
a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The definition of a drug trafficking offense is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iv).

support a sentencing exceeding the maximum authorized by the facts . . . must be . . . proved to a jury beyond a reasonable doubt") (emphasis added). The government does not have to prove Powell's prior conviction beyond a reasonable doubt. He can make no rational legal argument otherwise. The defendant's appeal on this issue would be frivolous.

### III. CONCLUSION

For the reasons set forth above, the defendant's motion for leave to proceed *in forma pauperis* is **DENIED**.

**SO ORDERED**.

September 4, 2008.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**